In re John Wm. FAINOR, a/k/a John W. Fainor, a/k/a John William Fainor and Patricia A. Fainor, a/k/a Pat Fainor, Debtors.

John Wm. FAINOR, a/k/a John W. Fainor, a/k/a John William Fainor and Patricia A. Fainor, a/k/a Pat Fainor, Plaintiffs,

v.

FIRST NATIONAL BANK OF ALLENTOWN, Defendant.

Bankruptcy No. 82–02101 T.
Adv. No. 82–2326.

United States Bankruptcy Court, E.D. Pennsylvania.

Feb. 16, 1983.

Renee L. Ferretti, Allentown, Pa., for plaintiffs.

Michael A. Henry, Allentown, Pa., for defendant.

## MEMORANDUM OPINION

THOMAS M. TWARDOWSKI, Bankruptcy Judge.

In this Chapter 7 case, the debtors, pursuant to Section 522(f)(1) of the Bankruptcy Code, 11 U.S.C. § 522(f)(1), seek to avoid two judicial liens held by the defendant, the First National Bank of Allentown.[1] There is no factual dispute in this adversary proceeding, the parties having stipulated to all of the relevant facts.

The two judicial liens held by the defendant impair the debtors' claimed exemption of $15,800.00 in their interest in real property which the debtors own as tenants by the entireties and in which they reside. Both of the judicial liens are confessed judgments which were validly recorded in the Court of Common Pleas of Lehigh County, Pennsylvania in favor of the defendant and against the debtors. One was recorded on March 22, 1979 and the other was recorded on April 3, 1981.

There is no doubt that the judicial lien of April 3, 1981 can be avoided to the extent it impairs the debtors' exemption in that it post-dates the effective date of the Bankruptcy Code, October 1, 1979. The only issue in this proceeding is whether or not the judicial lien of March 22, 1979 can be avoided inasmuch as it post-dates the November 6, 1978 enactment date of the Bankruptcy Code yet pre-dates the Code's October 1, 1979 effective date. This judicial lien of March 22, 1979, therefore, falls within the so-called "gap" period.

The only United States Circuit Court of Appeals case to rule on the avoidability of "gap" liens under § 522(f) is *In re Webber,* 674 F.2d 796 (9th Cir.1982), cert. denied, —— U.S. ——, 103 S.Ct. 567, 74 L.Ed.2d 931 (1982). *Webber* held that § 522(f) may constitutionally be applied to "gap" liens. We agree with the reasoning and holding of *Webber.* Therefore, we hold that the defendant's judicial lien of March 22, 1979 may constitutionally be avoided, pursuant to § 522(f)(1), to the extent it impairs an exemption of the debtors.

---

1. This memorandum opinion constitutes the findings of fact and conclusions of law as required by Rule 752 of the Rules of Bankruptcy Procedure.